Wright, J.,
delivered the opinion of the Court.
The record in this case shows that complainant is entitled to his freedom.
*121 The rules of law applicable to emancipation cases are well settled in Tennessee. No deed, or writing of any kind, was necessary at the common law for the purpose of parting with the master’s right. Acts in pais, from which freedom might be implied, have been held sufficient. As between master and slave, the same rule prevails in this State, though the right will remain inchoate until the State gives its assent. 1 Meigs’ Dig., 455, 456; 8 Hum., 185. The presentation of the petition to the County Court at Tazewell by Levi Grier, and giving bond to indemnify the county — as was. held in McCullough v. Moore, 9 Yer., 305—gave the most decisive evidence of his wish, and was, in itself, without recurring to the other evidence in the record, a complete act of freedom, on his part. It can make no difference that this was not at a Quarterly Term, or that the requisite number of magistrates was wanting, if the fact be so. This was intended for the protection. of the public, and not to guard Levi Grier’s rights. 9 Yer., 307.
Nor can it make any difference that he had, a few days before the petition, conveyed complaint to Wilson Grier, or that it was done to evade the payment of debts. The complainant was not a party to this fraud, if any existed, and it is manifest the conveyance was intended the more effectually to secure his freedom. Wilson Grier is a party to this suit, and in his answer shows this, and submits that complainant is entitled to freedom. A few days after the conveyance, he recon-veyed him to Levi Grier, who is now one of complainant’s sureties on the bond for costs in this cause. It was held in Lewis v. Simonton, 8 Hum., 185, that the *122 owner need not present tbe petition, so bis assent is given in any other way.
Tbe creditors of Levi Grier, if there be any, are not parties here, and we cannot notice them. The question is one alone between complainant and defendant, Johnson. And he can have no right to hold him in slavery. According to his answer and the proof, he only holds him in mortgage to secure $330, and complainant is worth greatly more than this.
He took a conveyance of complainant, after the petition had been presented in the County Court and bond given, and after Wilson Grier’s reconveyance to Levi, and with full notice of complainant’s right to freedom.
The said Johnson was the clerk of the County Court of Claiborne, and there are strong reasons for believing that a faithful record of the action of the Court upon the petition was not kept.
It is proved, beyond doubt, that a bond was given to indemnify the county, and it is probable that nine justices were present, and gave the State’s assent; yet nothing can be found but the petition. Johnson told complainant not to be uneasy, that he would write out his free papers the first opportunity, and that he was then as safe as if he had them.
An account must be taken of the mortgage debt between Levi Grier and Johnson, in which he will have interest upon his debt, and Grier will be allowed credit for his payments; and if 1 any balance remains, the hire of complainant which has already accrued, will be applied to its extinguishment. The defendant, Johnr son, will be charged with hires received before com *123 plainant went into the receiver’s hands. And if any balance shall yet remain, complainant will be hired to .meet it.
The complainant must be sent to the Western Coast of Africa, and a decree for his freedom will be drawn upon the terms and conditions laid down in the act of the 24th of February, 1854, ch. 50. (Acts 1853-4, page 121,) 1 Sneed., 577.
We reverse the decree of the Chancellor, and remand the cause to the Chancery Court at Tazewell, to the end this decree may be executed. Defendant Johnson will pay the costs.